## CARR B. HAYNES *v.* DAVID M. TENNEY.

Where a sheriff attached the same goods upon two writs, and at the same time delivered them to a third person, and took of him separate receipts therefor, without stating that one was subject to the other, and afterwards judgment was recovered in one suit, and execution placed in the hands of the same officer, who demanded the goods of the receipter, and thereupon the receipter paid the amount of that execution: *Held*, that in a suit by the officer after judgment in the second suit, he was entitled to recover only the value of the property after deducting the amount before paid.

THIS was an action of *trover* for 2 book cases, of the value of ten dollars each, 1 office table; $6, 1 looking-glass, $5, and all the books in the office of George Tenney, at Concord, of the value of $120 ; all of the value of $150.

A second count described the book as all the books in the office of George Tenney, in Concord, on the 11th of June, 1860. The conversion is alleged on December 28th, 1860.

The *general issue* was pleaded with a brief statement, and the cause was tried by the court.

The plaintiff offered in evidence the defendant's receipt, as follows :

" *Concord, June 11, 1860.* Received of Carr B. Haynes, deputy sheriff of Merrimack County, for safe keeping, the goods and chattels following, attached by him as the property of George Tenney, in an action in favor of Clough & Corning, returnable in the Supreme Judicial Court for said County, August Term, 1860, to wit : 2 book cases, ·one office table, one looking-glass, and all the books in the office of said defendant, all of the value of one hundred dollars, and I hereby agree to deliver the same to Carr B. Haynes, deputy sheriff, or order, on . demand, in good order and condition, as the same are now in, free from all charge and expense to said Carr B. Haynes.

D. M. TENNEY."

He also offered the original writ in favor of Clough & Corning against George Tenney, and his return thereon, stating the attachment of the articles enumerated in the writ, and of the same value, " subject to a former attachment on a writ in favor of C. S. Mason, returnable to the Supreme Judicial Court for Grafton County, May Term, 1860 ; and that he took D. M. Tenney's receipt for the same, to the amount of one hundred dollars."

He also offered a return of a deputy sheriff, attached to said receipt, of a demand made for the same articles, on the 28th of December, 1860, and the defendant admits such demand.

It appeared that the defendant signed a separate receipt for these arti-

cles, in each of the actions, at the same value, but not stating either attachment to be subject to the other. The property was never, in fact, in the possession of the defendant, but he signed the receipt at the request of George Tenney.

Judgment was recovered by Mason in his action, at November Term, 1860, for $63 damages, and $12.83 costs, and execution issued December 4, 1860, and the defendant paid after the demand the amount of Mason's execution and interest, and the cost of a suit.

Judgment was rendered in Clough & Corning action, August Term, 1862, and execution issued August 25, 1862.

For the defendant it was contended, that, although by the terms of his receipt he agreed to keep and deliver the articles attached in this action, to the value of $100, without qualification or condition, yet in this action the plaintiff is entitled to recover only the amount of his interest in the articles, and the extent of that interest depends on the attachment returned upon the writ in favor of Clough & Corning against George Tenney, and by that return the property valued at $100 was attached, subject to the prior attachment on Mason's writ, and consequently the plaintiff's title was limited to $100. The defendant having paid the amount of Mason's judgment, $76, was consequently liable in this suit only for the balance of the $100, that is, $24 and interest.

*Rolfe*, for plaintiff.

*Quincy* and *Fowler & Chandler*, for defendant.

BELLOWS, J. In *Young* v. *Walker*, 12 N. H. 502, property was attached and receipted for by defendant, who afterwards suffered it to go back into possession of the debtor; and the same officer then attached it in another suit, and sold it upon the writ. In trover against the receipter, it was held that the second attachment was a rescission of the contract of bailment, and that the plaintiff could not recover; and the court say that the property should not be made to perform this double duty at the expense of the defendant.

In the case before us the property was not specifically applied in the suit upon which it was first attached; but the avails of it were, in part, so applied, and that is substantially the same thing. Had the receipter delivered up the property to the officer, upon a demand in the first suit, there can be no question that it would have been a discharge in both cases; and the payment of the value must, we think, have the same effect. It is true, the contracts was in the form of two several receipts, but it was substantially but one contract, and, for aught we can see, must operate much the same as if but one receipt had been made, representing the property to have been attached in the two suits. It was merely a bailment of the property to the defendant, and when surrendered, or the value accounted for, the claim of the sheriff was at an end.

There might be a case, perhaps, when two receipts given at the same time, and for the same description of property, would be regarded as separate and independent contracts of bailment; as if no attachment had

in fact been made of any property, but separate receipts given, designed and intended to be security of both claims.    In such a case if the design was made to appear, it might properly be held that the receiptor was holden for the whole amount in each case.    But here there was an actual attachment of the property described in the receipts, on both writs, upon the one in favor of Clough & Corning, subject to the other—and there is nothing in the case that affords any ground for an inference that the receiptor contracted for any thing beyond the delivery of that property.    In making up the damages, then, the plaintiff cannot go beyond the value of the property after deducting the amount already paid.

There must, therefore, be

*Judgment upon the verdict of the court.*